Vesta Underwear Co., complainant,

*v.*

Pohatcong Hosiery Mills, defendant.

[Decided February 26th, 1940.]

*Messrs. Whiting & Moore,* for the complainant.

*Messrs. Collins & Corbin,* for the defendant.

Kays, V. C.

This matter comes before me on a motion by the complainant to strike out the answer and counter-claim of the defendant.

The bill in this case was filed to foreclose two mortgages which were given to secure the principal sum of $100,000. One mortgage covers real estate .in Warren county and the other covers machinery and equipment contained in the building erected on said lands. The mortgages are for the same debt.

The bill alleges default by reason of the failure of the defendant to pay an installment of principal in the amount of $25,000 which became due on December 27th, 1937. The bill of complaint was filed November 17th, 1939.

The answer to both causes of action is in effect a general denial of the material allegations of the bill. The answer further sets up an extension of time for the payment of the installment alleged to be in default. There are eight additional answers to both causes of action which are pleaded separately. These in effect allege a fraudulent scheme by the complainant to ruin defendant's business and acquire its assets and set forth fraud, estoppel, waiver, laches and also invoke the equitable doctrine of "clean hands." The general denial contained in the answer raises a question of fact and entitles the defendant to a final hearing.

The fraudulent scheme, as pleaded, may not constitute a valid defense. A party cannot be deprived of the enforcement of a legal right for the motives alleged. See *Weiner* v. *Cullens, 97 N. J. Eq. 523*. The scheme alleged, however, is but an incidental part of the proof which may be required to establish an extension of time for payment and does not justify the striking out of the answer at this time. The answer may stand until final hearing.

The counter-claim is one not only against the complainant but involves other individuals who are not parties to the suit. It alleges a fraudulent scheme and asks for a decree declaring certain sales agreements breached by the complainant and the said other individuals. It asks for an accounting, award of unliquidated damages, discovery and other relief. A defendant in a foreclosure suit cannot set up by way of counter-claim unliquidated damages in the absence of an agreement between the parties that such debt or claim shall be received and credited as payment. *Corson* v. *Bailey, 98 N. J. Eq. 323*. The counter-claim in question is pleaded as a separate cause of action whereby the defendant seeks relief apart from the case made by the bill of complaint. The counter-claim is not germane to the issue set forth in the bill of complaint and, therefore, should be stricken out.